LAW OFFICE OF MICHAEL L. FRADIN
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DIRELLE ISHAM<br>on behalf of himself and all others<br>similarly situated, known and unknown,<br><br>         Plaintiff,<br><br>   v.<br><br>RMLS HOP ILLINOIS, LLC<br>c/o Advanced Corporate Agent Services, Inc.<br>30 N. LaSalle St., Suite 1510<br>Chicago, IL 60602<br><br>         Defendant. | Case No. ----------<br><br><br><br>Judge -------<br>Magistrate Judge ------<br><br><br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Now come Plaintiff, DIRELLE ISHAM, ("Plaintiff"), on behalf of himself and all other

persons similarly situated, and for his Complaint against Defendant, RMLS HOP ILLINOIS,

LLC and states and alleges as follows:

### I.    NATURE OF PLAINTIFF'S CLAIMS

1.    This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, et seq.

("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq. ("IMWL"), and the Illinois

Wage Payment and Collection Act, 820 ILCS 115/1, et seq. ("IWPCA") for Defendant's failure to pay Plaintiff, and other similarly situated employees, minimum wages, overtime wages, and earned wages. This case is brought as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as the representative Plaintiff is attached as Exhibit A.

## II.   JURISDICTION AND VENUE

2.      Pursuant to 28 U.S.C. § 1331, this Court has federal-question jurisdiction over Plaintiff's FLSA claims, which arise under 29 U.S.C. § 216(b). In addition, this Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims derive from the same common conduct that led to violations of the FLSA; that is, the FLSA and state law claims all derive from the same common nucleus of operative facts. 28 U.S.C. § 1367.

3.      Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in Illinois and within this judicial district.

4.      Jurisdiction and venue as to Defendant is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1332, and 216(b) of the FLSA, 29 U.S.C. § 216(b).

## III.   THE PARTIES

### A.   Plaintiff

5.      Plaintiff Direlle Isham resides within this judicial district.

6.      Defendant employed Plaintiff as a server and host at their IHOP restaurant in the Lansing, Illinois between approximately August, 2022 through October, 2022.

### B.   Defendant

7.      Defendant RMLS HOP ILLINOIS, LLC is a limited liability corporation organized under the laws of the state of Arizona and authorized to do business in Illinois.

## IV.   COMMON ALLEGATIONS – WAGE AND HOUR VIOLATIONS

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

8.      Plaintiff was employed by Defendant within the last three years before the filing of this lawsuit.

9.      Plaintiff and other servers customarily and regularly received more than $30.00 per month in tips.

10.     Defendant elected to claim a tip credit by compensating servers based upon the lower statutory minimum wage rates for tipped employees and using tips to make up the difference between the lower minimum wage rates for tipped employees and the standard minimum wage rates that would otherwise be owed.

11.     In a willful attempt to avoid the payment of overtime wages, Defendant employed a variety of schemes to deprive their servers of their earned wages.

12.     Defendant employs more than one person for hire and pays wages to such employees.

13.     Defendant's employees have regularly handled, sold or otherwise worked on goods and materials that have been moved or produced for commerce, including, but not limited to, food products.

14.     Upon information and belief, Defendant has earned annual gross revenues in excess of $500,000 during all relevant times.

15.     Defendant's IHOP restaurants are open 24-hours a day. They primarily sell breakfast foods and other food items with low profit margins. As such, part of Defendant's business model relies on keeping labor costs extraordinarily low. These low labor targets and requirements, across all of Defendant's IHOP restaurants, have contributed to the wage violations alleged in this complaint.

V.      **FACTUAL ALLEGATIONS**

**A.     Defendant operated an unlawful tip-credit system**

16.     When Defendant worked as a server, Defendant paid Plaintiff a sub-minimum, tip-credit wage.

17.     Defendant pays their other servers a sub-minimum, tip credit wage to work for Defendant.

18.     Plaintiff does not recall Defendant informing him of the tip-credit provisions of the FLSA.

19.     Despite the fact that the tip-credit wage is designed specifically, and only, for employees who receive tips for their work, Defendant regularly made Plaintiff and other servers perform non-tipped labor while receiving a sub-minimum, tip-credit wage.

20.     Because of their unlawful employment practices, Defendant has forfeited their right to claim a tip credit against the wages of Plaintiff and Defendant's other servers.

**B.     Defendant regularly forced Plaintiff and other servers to perform non-tipped labor for less than minimum wage or without compensation**

21.     Defendant instituted a policy that required Plaintiff and other servers to perform "sidework." This was work that servers must complete before they end their shift and leave work.

22.     Defendant paid Plaintiff and other servers the sub-minimum, tip-credit wage to do sidework, despite the fact that the duties involved in the sidework are entirely different and separate from those involved in serving, and do not involve tips (meaning Plaintiff and other servers should receive the minimum wage for side-work).

23.     Side-work was a significant responsibility for Plaintiff and other employees that took at least one hour to complete at the end of shifts, after serving was over. Plaintiff and other

employees were paid the sub-minimum, tip-credit wage to do side-work which does not involve employees receiving tips.

24.     Defendant's side-work policy is clearly a scheme to unlawfully avoid paying Plaintiff and other servers the minimum wage for work where minimum wage would be the correct compensation.

### C.     Defendant's Employee Meals Deduction

25.     Defendant deducted $.50 from Plaintiff's and other similar situated employees' wages for every hour worked.

26.     Defendant did not explain to Plaintiff or its other servers or obtain consent from Plaintiff or other similarly situated employees for the meal deduction.

27.     While paying Plaintiff and its other servers at the sub-minimum, tip-credit wage, Defendant took meal deductions from Plaintiff's and other similarly situated employees' wages whether or not the employee ate any meals at the Defendant's store.

28.     While paying Plaintiff and its other at the sub-minimum, tip-credit wage, Defendant took meal deductions from Plaintiff's and other similarly situated employees' wages without obtaining written consent.

29.     Defendant's meal deductions from Plaintiff's wages reduced Plaintiff's and other servers' wages below the Illinois tip-credit minimum wage in one or more work weeks.

### VI.     FLSA COLLECTIVE DEFINITION AND ALLEGATIONS

30.     Plaintiff brings the First Claim for Relief for violations of the FLSA as a collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiff brings the FLSA action on behalf of herself and all members of the following collective (the "FLSA Collective") comprised of:

**FLSA Collective**

All individuals in positions, job titles, job codes, job classifications, or job descriptions of "Server" and all other similar nomenclature performing substantially identical functions and/or duties as those outlined in this Complaint, currently or formerly employed by Defendant at any of their IHOP locations who were paid an hourly wage subject to a tip credit at any point from three (3) years prior to the commencement of this Action to the present.

31.     Plaintiff and the members of the FLSA Collective are similarly situated in that they have substantially similar job classifications, job duties, job requirements, and were subject to Defendant's common practices, policies, and schemes.

32.     The First Claim for Relief for violations of the FLSA may be brought and maintained as "opt-in" collective action pursuant to § 216(b) of the FLSA, because the claims of the Plaintiff are similar to the claims of the members of the FLSA Collective.

33.     The names, addresses and telephone numbers of the members of the FLSA Collective are available from Defendant, and notice should be provided to the members of the FLSA Collective as soon as possible.

34.     Plaintiff seeks to recover damages for the FLSA Collective for the three years prior to the initial filing of the Complaint applying all tolling periods.

**VII.    RULE 23 CLASS DEFINITIONS AND ALLEGATIONS**

35.     Plaintiff brings the Second and Third Claims for Relief for violation of Illinois' wage and hour laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiff brings these claims on behalf of himself and all members of the following classes:

**IMWL Class**

All individuals in positions, job titles, job codes, job classifications, or job descriptions of "Server" and all other similar nomenclature performing

substantially identical functions and/or duties as those outlined in this Complaint, currently or formerly employed by Defendant at any of their IHOP locations in Illinois who were paid an hourly wage subject to a tip credit at any point from three (3) years prior to the commencement of this Action to the present.

**IWPCA Class**

All non-exempt currently or formerly employed by Defendant at any of their IHOP locations in Illinois who were subject to an Employee Meal deduction within 10 (ten) years prior to the commencement of this Action to the present.

### A. Rule 23 Allegations

#### a. Numerosity (Rule 23(a)(1)).

36. The Illinois Classes are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that Defendant employed hundreds of persons who satisfy the definition of the Illinois Classes.

#### b. Existence of Common Questions of Law and Fact (Rule 23(a)(2)).

37. Common questions of law and fact exist as to the Plaintiff and the members of the Illinois Classes including, but not limited to, the following:

   a. Whether Defendant unlawfully failed to pay members of the IMWL Class the minimum wage, in violation of the Illinois Minimum Wage Law ("IMWL");

   b. Whether Defendant unlawfully deducted employee meal costs from wages of the IWPCA Class Members;

   c. Whether Defendant unlawfully failed to keep and maintain accurate and true records of the hours worked by members of the Illinois classes as required by applicable law; and

d. The damages sustained and the proper measure of restitution recoverable by members of the Illinois Class.

### c. Typicality (Rule 23(a)(3)).

38. Plaintiff's claims are typical of the members of the Illinois Class' claims. Plaintiff, like other members of the Illinois Classes, was subjected to Defendant's illegal scheme to maximize profits by depriving their employees of their minimum wages.

### d. Adequacy (Rule 23(a)(4)).

39. Plaintiff will fairly and adequately represent and protect the interests of the members of the Illinois Classes. Plaintiff retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

### e. Injunctive and Declaratory Relief (Rule 23(b)(2)).

40. Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the members of the Illinois Classes, making appropriate declaratory relief with respect to the members of the Illinois Classes as a whole.

### f. Predominance and Superiority of Class Action (Rule 23(b)(3)).

41. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to members of the Illinois Classes predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices illegally deprived Plaintiff and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual

trials. The damages suffered by individual members of the Illinois Classes are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

42.     Plaintiff intends to send notice to all members of the Illinois Classes to the extent required by Rule 23.

## VIII.     CLAIMS FOR RELIEF

### Count I
### Failure to Pay Minimum Wages – Fair Labor Standards Act (On Behalf of Plaintiff and the Collective Action Class)

43.     Plaintiff realleges and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

44.     Plaintiff has been an "employee" as defined in the FLSA, 29 U.S.C. § 203(e)(1), and was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

45.     Throughout Plaintiff's employment, Defendant employed other servers who were similarly not exempt from the minimum wage provisions of the FLSA.

46.     Plaintiff and other servers were "tipped employees" within the meaning of 29 U.S.C. § 203(t).

47.     During all relevant times, Defendant was an "employer" as defined in the FLSA, 29 U.S.C. § 203(d) and was an enterprise within the meaning of the FLSA, 29 U.S.C. § (r)(1) and engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

48.     Pursuant to 29 U.S.C. § 206, Plaintiff, as well as other servers and employees, was entitled to be compensated according to the applicable minimum wages under the FLSA.

49.     Defendant did not inform Plaintiff or other servers of the tip credit subsection, 29 U.S.C. § 203(m).

50.     Defendant violated the minimum wage provisions of the FLSA by requiring Plaintiff and similarly-situated Tip-Credit Employees to perform non-tipped work that is unrelated to their tipped occupation, while paying them less than minimum wage, such as: taking out trash, sweeping, mopping, scrubbing floors, washing dishes, and cleaning the restaurant.

51.     Defendant violated the minimum wage provisions of the FLSA by requiring Plaintiff and similarly situated servers to perform non-tipped work that, even if it was related to their tipped occupation, was performed more than occasionally or part of the time. Instead, Defendant required such related non-tipped labor to be performed for unreasonable amounts of time that are not contemporaneous to direct customer service duties and for amounts of time that exceed 20 percent of Plaintiff's and similarly situated servers' time worked in one or more individual workweeks.

52.     Defendant failed to pay minimum wages by deducting amounts for employee meals that were not reasonably based on the cost of any meals, from the employee's wages.

53.     Defendant's resultant failure to pay minimum wages was a violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

54.     Defendant's violation of the Fair Labor Standards Act by refusing to pay Plaintiff and similarly situated servers minimum wages was willful and not in good faith.

**<u>Count II</u>**
**Violation of the Illinois Minimum Wage Law – Minimum Wages – (On Behalf of Plaintiff and the IMWL Class)**

55.     Plaintiff realleges and incorporates by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

56. Plaintiff has been an "employee" under the IMWL, 820 ILCS § 105/3(d), and was not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

57. Throughout Plaintiff's employment, Defendant employed other servers who were similarly not exempt from the minimum wage provisions of the IMWL.

58. Plaintiff and other servers have been tipped employees within the meaning of 820 ILCS 105/4(c).

59. During all relevant times, Defendant was an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

60. Pursuant to 820 ILCS § 105/4, Plaintiff, as well as other servers, was entitled to be compensated according to the applicable minimum wages under the IMWL.

61. Defendant failed to pay minimum wages by deducting employee meals, that were not reasonably based on the cost of the meals, from the employee's wages.

62. Defendant's resultant failure to pay minimum wages was a violation of the IMWL, 820 ILCS § 105/4.

63. Defendant's violation the Illinois Minimum Wage Law was willful and not in good faith.

**Count III**
**Violation of the IWPCA – Unlawful Deductions**
**(On Behalf of Plaintiff and the IWPCA Class)**

64. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

65. This Count arises from Defendant's practice of making unlawful deductions from the wages of Plaintiff and the Rule 23 Class.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

66. Defendant had a practice of making unlawful deductions from Plaintiff's earned wages without authorization from Plaintiff in writing as required by the IWPCA. Such deductions: (a) were not required by law; (b) were not to Plaintiff's benefit; (c) were not in response to a valid wage assignment or wage deduction order; and (d) were not made with the express written consent of Plaintiff, given freely at the time the deductions were made.

67. Defendant likewise had a practice of making unlawful deductions from members of the Rule 23 Classes without their authorization.

68. Defendant's practice of making unlawful deductions from the earned wages of Plaintiff and the Rule 23 Classes violated the IWPCA.

69. Plaintiff and the Rule 23 Classes are entitled to recover all the unlawful deductions made from their earned wages for a period of ten (10) years prior to the filing of this lawsuit. *See* 73 ILCS 5/13-206.

70. As a result of Defendant's violations of the IWPCA, Plaintiff and the IWPCA Class are entitled to unpaid wages and unlawful deductions, statutory damages provided under the IWPCA, and reasonable attorneys' fees and costs.

## IX.    PRAYER FOR RELIEF

71. WHEREFORE, Plaintiff, on behalf of himself and all members of the Plaintiff Classes he seeks to represent, prays for relief as follows:

    a. For an order certifying that the First Claim for Relief be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the opt-in FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims;

b. For an order certifying that the Second and Third Claims for Relief be maintained as a class action pursuant to Rule 23 on behalf of the members of the Illinois Classes who were employed by Defendant during the Illinois Class Periods and that notice of the pendency of this action be provided to members of the Illinois Classes.

c. A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

d. Appropriate equitable relief to remedy Defendant's violations of state law, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

e. For an award of unpaid Federal minimum wages for each hour worked as required by the FLSA, 29 U.S.C. § 206, and parallel Illinois minimum wages;

f. All appropriate state and federal statutory penalties, including liquidated damages;

g. Attorneys' fees and costs of suit, including expert fees and fees pursuant to Illinois law and as permitted by the FLSA;

h. Such other and further relief as this Court deems just and proper.

X.                    **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a state and/or federal constitutional right to a jury trial.


Respectfully submitted,

s/ *Michael L. Fradin*
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076

Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com


By: /s/ *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
SIMON LAW CO.
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 816-8696
Email: james@simonsayspay.com